# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:21-CV-00474-GCM

| | |
|---|---|
| ANDRE ANTONIO DAVIS,<br><br>**Plaintiff,**<br><br>v.<br><br>WALMART INCORPORATED<br>WALMART STORE #5085<br>WALMART STORE #5298<br>WALMART HEADQUARTERS<br>WALMART STORE #1385,<br><br>**Defendants.** | **ORDER** |

**THIS MATTER** comes before the Court on its own motion. Plaintiff filed a pro se complaint on September 9, 2021 (ECF No. 1). The 96-page complaint, which raises 51 causes of action, is largely incomprehensible. The plaintiff alleges that various Walmart stores were "using their wireless systems to hack and embed a tracker in Mr. Davis' phone," in a "joint effort between Walmart and the Intelligence Community, Infragard, Fbi and Cia." ECF No. 1 at 4.

Frivolous complaints are subject to dismissal pursuant to the District Court's inherent authority, even when the plaintiff has paid the filing fee. *Smith v. Kagan*, 616 F. App'x 90, 91 (4th Cir. 2015) (per curiam); *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) (per curiam). When allegations in a complaint are totally implausible, frivolous, or devoid of merit, the District Court lacks subject matter jurisdiction over the case. *See Apple v. Glenn*, 183 F.3d 477, 478 (6th Cir. 1999) (collecting cases).

These claims are totally implausible and may be the product of delusion. For this reason, the Court will dismiss the complaint for lack of subject matter jurisdiction. The Court also notes

that Plaintiff has filed at least 17 other cases in the Western District of North Carolina which are similarly incomprehensible. *See, e.g.*, *Davis v. Trump*, Civil Action No. 3:20-cv-00542; *Davis v. Amazon.com*, Civil Action No. 3:21-cv-00125; *Davis v. Alphabet Google*, Civil Action No. 3:21-cv-335.

The Court will direct the Clerk to return Plaintiff's filing fee. Plaintiff is cautioned that if he continues to file lawsuits containing fantastic claims, his filing fee may not be returned to him and he may be subjected to a pre-filing review system. If such a system were imposed, all documents submitted by Plaintiff in the future, whether in this case or in any other action filed in this District, would be pre-screened by the Court for content. Any proposed filings not made in good faith or which lack substance or merit would be returned to Plaintiff without further explanation. *See Vandyke v. Francis*, Civil Action No. 1:12-cv-128-RJC, 2012 WL 257646, at *2 (W.D.N.C. July 3, 2012).

**IT IS THEREFORE ORDERED** that the Complaint (ECF No. 1) is **DISMISSED**. The Clerk shall **TAKE NECESSARY ACTION** to return the filing fee to Plaintiff. The Clerk shall **PROVIDE A COPY** to the Plaintiff. Finally, the Clerk shall **CLOSE** this case.

**SO ORDERED.**

Signed: September 15, 2021

Graham C. Mullen
United States District Judge